IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY RICHARD WOODARD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2527 |
| | § | |
| DOUG DRETKE, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ON DISMISSAL

Petitioner submitted this petition for habeas corpus relief under 28 U.S.C. § 2254.  Petitioner is serving a sentence in the Texas Department of Criminal Justice for a conviction of aggravated assault on a peace officer with a deadly weapon.

Petitioner does not challenge his state court conviction.  Instead, he challenges a prison disciplinary hearing in number 2004-0288310.  A disciplinary hearing officer found Petitioner guilty of assault on a guard.  The hearing officer punished Petitioner with 15 days of commissary and cell restrictions, the loss of 1380 days of good conduct time, and a reduction in his custody status.  The disciplinary case was modified on appeal with the restoration of 1015 days of the forfeited good conduct time.

Petitioner raises one ground for relief:  The disciplinary hearing officer violated Petitioner's due process rights because the evidence he used to find Petitioner guilty was insufficient.

The due process clause of the Fourteenth Amendment does not create a liberty interest in the deprivations Petitioner suffered.  A prisoner's due process rights only apply to interests whose loss would involve a "significant, atypical" deprivation resulting in "hardship ... in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  The commissary and cell restrictions are not significant, atypical deprivations. *Id*. etitioner has no due process liberty interest in his good time earning status. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

An inmate may still be entitled to procedural due process protections in a prison disciplinary proceeding where accrued good conduct time credits are forfeited as punishment and the good time forfeiture affects the duration of the prisoner's incarceration. *See Sandin* 515 U.S., at 485-86.  Under Texas law, there are two ways in which a prisoner becomes eligible for release: parole and mandatory supervision. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  However, only mandatory supervision is a liberty interest which implicates due process—an inmate eligible only for parole does not have a liberty interest in good time. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).  Petitioner admits he is not eligible for mandatory supervision release.  *See* Petition, p. 5, ¶ 16.  Because Petitioner is ineligible for mandatory supervision release, his loss of accrued good time affects only his parole eligibility and does not implicate due process. *See Malchi*, 211 F.3d, at 957-58.  None

of the deprivations suffered by Petitioner violate the due process clause or any other constitutional provisions.

The federal courts are authorized to dismiss habeas petitions without ordering a response where it appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243.  Petitioner's habeas petition fails to state a claim upon which relief may be granted and is frivolous because it lacks an arguable basis in law.  *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

Accordingly, it is ORDERED that Petitioner's habeas corpus claims be DENIED for failure to state a claim upon which relief may be granted and as frivolous.

This Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right.  The issues raised here are not debatable among jurists of reason, could not be resolved in a different manner, and do not deserve encouragement to proceed further.  *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983).  This Court finds that a Certificate of Appealability should not issue.

SIGNED at Houston, Texas, on this 27th day of July, 2005.

*David Hittner*

_____

DAVID HITTNER

United States District Judge